Clerk's Office
Filed Date: 3/18/22

U.S. DISTRICT COURT
EASTERN DISTRICT OF
NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUUL LABS, INC.,

                          Plaintiff,                      **ORDER**
                                                                         21-CV-2615 (MKB) (VMS)

                             v.

EZ DELI GROCERY CORP I,

                          Defendant.

---

MARGO K. BRODIE, United States District Judge:

        Plaintiff Juul Labs, Inc. commenced the above-captioned action against Defendant EZ Deli Grocery Corp I on May 10, 2021. (Compl., Docket Entry No. 1.) Plaintiff alleged trademark infringement through counterfeit goods and grey market goods, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as state law claims for trademark infringement, unfair competition, and deceptive acts and practices. (Compl. ¶¶ 33–79.) Plaintiff requested a certificate of default against Defendant on June 30, 2021, (Request for Certificate of Default dated June 30, 2021), and the Clerk of Court granted the request on July 7, 2021, (Clerk's Entry of Default dated July 7, 2021). On July 19, 2021, Plaintiff moved for default judgment against Defendant, (Pl.'s Mot. for Default J., Docket Entry No. 11), and the Court referred the motion to Magistrate Judge Vera M. Scanlon for a report and recommendation, (Order Referring Mot. dated July 20, 2021).

        By report and recommendation dated February 10, 2022, Judge Scanlon recommended that the Court grant in part and deny in part Plaintiff's motion for a default judgment. Specifically, Judge Scanlon recommended that the Court (1) find Defendant liable with respect to Plaintiff's federal trademark infringement claims for both counterfeit goods and grey market

goods, false designation of origin claims, and state law claims for trademark infringement, unfair competition, and deceptive acts and practices (Counts I, II, IV, V, VI, and VII); (2) deny Plaintiff's motion with respect to its duplicative federal unfair competition claim (Count III); (3) award Plaintiff $50,000 in statutory damages plus statutory post-judgment interest; and (4) issue a permanent injunction barring Defendant from selling counterfeit or non-genuine JUUL products (the "R&R"). (R&R 24, Docket Entry No. 17.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson,*

2

*Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R and: (1) finds Defendant liable with respect to Plaintiff's federal trademark infringement claims for both counterfeit goods and grey market goods, false designation of origin claims, and state law claims for trademark infringement, unfair competition, and deceptive acts and practices (Counts I, II, IV, V, VI, and VII); (2) denies Plaintiff's motion with respect to its duplicative federal unfair competition claim (Count III); (3) awards Plaintiff $50,000 in statutory damages plus statutory post-judgment interest; and (4) issues a permanent injunction barring Defendant from selling counterfeit or non-genuine JUUL products.

This Court also prohibits Defendant, and its respective agents, servants, employees, and representatives and all persons in active concert and participation with them permanently from: engaging or continuing to engage in the infringing, unlawful, unfair, or deceptive business acts or practices described in the Complaint and the R&R, including the marketing, sale, distribution, and/or other dealing in any non-genuine JUUL-branded electronic nicotine delivery systems and other related products, including fake counterfeit products or unauthorized grey-market products; using without permission any mark or other intellectual property right of Plaintiff; acting to infringe Plaintiff's federally-registered, registration-pending, and common law trademarks,

specifically "JUUL," Registration Number 4,818,664; "JUUL" (in stylized characters), Registration No. 4,898,257; and "JUULpods," Registration Number 5,918,490; falsely designating the origin of any product to be from Plaintiff; engaging in unfair competition with Plaintiff; or acting in any other manner to derogate Plaintiff's intellectual property rights.

    The Clerk of Court is directed to close this case.

Dated: March 18, 2022
       Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge